[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
After examining the briefs, affidavits, and exhibits submitted by the parties in connection with the defendant's motion for summary judgment, the court has determined that the term "market rate" published in the Mortgage Rider Agreement is ambiguous and that the interpretation of the term and the contract raises a genuine issue of material fact for the jury's determination and not to a question of law for the court's determination. Accordingly, the motion for summary judgment is denied.
Whether a contract is ambiguous is a question of law. Because the meaning of the term "market rate" can not be discerned from CT Page 2873 reading the Mortgage Rider Agreement, the term is ambiguous.
If the interpretation of an ambiguous agreement depends upon the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, a question of fact is presented for determination by the trier of fact. Restatement of the Law, Contracts 2d 212(2). The plaintiff urges a plausible meaning of the term "market rate." The defendant, through extrinsic evidence, urges another plausible meaning. Because the agreement is susceptible to at least two plausible meanings, a genuine issue of material fact exists. Whenever a genuine issue of material fact exists, a motion for summary judgment must be denied. Practice Book 384. The issue must be decided by the trier of fact in light of all the relevant facts.
The motion for summary judgment is denied.
THIM, JUDGE